**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ALEXANDER Z. MURGULY,

        Plaintiff,

v.

GOOGLE LLC, et al.,

        Defendants.

Civil Action No. 19-14471 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendant United States of America's ("United States") Motion to Dismiss pro se Plaintiff Alexander Z. Murguly's ("Plaintiff") Complaint pursuant to Federal Rules[1] of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 15) and Defendant Google LLC's ("Google") Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) or, in the Alternative, to Transfer (ECF No. 11). Plaintiff opposed. (ECF No. 26.) The Court has carefully considered the parties' arguments and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Motions to Dismiss are granted.

**I.    BACKGROUND**

This action arises from an alleged advance fee scheme perpetrated against Plaintiff. On March 22, 2019, Plaintiff received an e-mail message from Google Alerts, which he had created to notify him of "Accounting Internships." (Compl. at 8, Ex. 1 to Not. of Removal, ECF No. 1

---

[1] All references to a "Rule" or "Rules" hereinafter shall refer to the Federal Rules of Civil Procedure.

at *5–17.[2]) Through a link in the e-mail message, Plaintiff applied for an internship at Berry Global, Inc. (*Id.*) On April 9, 2019, he received an email from career_opportunities@berryglobal.com with the subject line "Invitation to Interview at Berry Global[,] Inc[.] for the Position of Finance/Accounting Summer Internship." (*Id.*) Plaintiff then downloaded an instant messenger application to be interviewed by Seana Brown. (*Id.*)

The next day, on April 10, 2019, Plaintiff received an e-mail message from seana.brown@outlook.com entitled "Pay Check Regarding Pre[-]Intern Training Materials," and included a $2,800.00 TCF National Bank [e-]check for "Training Supplies." (*Id.*) Plaintiff allegedly e-deposited the e-check with Chase and, within twenty-four hours, "$2[,]800[.00] appeared to be made available in [his] checking account." (*Id.* at *3.) On April 15, 2019, Plaintiff withdrew $2,620.00 and deposited the same to the Chase Bank account of Moyosore Ajibodv, "a vendor determined by Seana Brown." (*Id.*)

On April 17, 2019, Plaintiff's checking account reflected a bounced check for $2,800.00 and a deposit item returned fee of $12.00. (*Id.*) At the time, Plaintiff "determined that the internship [was] fraudulent." (*Id.*) On April 22, 2019, Plaintiff called Chase's customer service and was informed that while the initial $2,800.00 deposit was pending the sum had been made available to him as a courtesy. (*Id.*)

On May 20, 2019, Plaintiff filed a Complaint in the Superior Court of New Jersey, Law Division, Special Civil Part, Hunterdon County against Google, Kelly Locke of US Bank, Chase Bank, TCF National Bank, and the Federal Bureau of Investigation ("FBI"). (Compl. at *7.) Plaintiff alleges that Google acted negligently by failing to "detect and protect against evolving online threats" and to "build the strongest security technologies into its products." (*Id.* at 4.)

---

[2] Page numbers preceded with an asterisk reference the page numbers at the top of the ECF filing.

Plaintiff also alleges that the FBI was negligent because it "h[ad] intelligence regarding this fraud scheme" and failed to act on such intelligence. (*Id.*)

On June 28, 2019, the FBI removed the action to federal court under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d)(2), and substituted the United States as the proper party pursuant to 28 U.S.C. § 2679(d)(2). (Not. of Removal ¶¶ 5–6, ECF No. 1.) Chase Bank and TCF National Bank answered. (ECF Nos. 4, 6.) Google and the United States moved to dismiss. (ECF Nos. 11, 15.)

## II.    LEGAL STANDARD

### A.    Rule 12(b)(1) Standard

"A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the [C]ourt's subject matter jurisdiction." *Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). "Facial attacks . . . contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). By contrast, on a factual attack to federal subject matter jurisdiction, courts may consider evidence outside the pleadings. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (citation omitted). Additionally, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

### B.    Rule 12(b)(6) Standard

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Importantly, on a Rule 12(b)(6) motion to dismiss, "the defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DISCUSSION

#### A. The Court Does Not Have Subject Matter Jurisdiction over Claims Against the United States.

The United States argues that the Court lacks subject-matter jurisdiction because Plaintiff failed to exhaust his administrative remedies. (Gov't's Moving Br. 9–11, ECF No. 15-1.)[3]

---

[3] Because the Court dismisses Plaintiff's claims against the Government for failure to exhaust administrative remedies, it does not reach the Government's alternative arguments.

> The FTCA is the exclusive remedy against the United States for certain negligent or wrongful acts of federal employees acting within the scope of their employment. *See* 28 U.S.C. § 2679(b)(1); *Aliota v. Graham*, 984 F.2d 1350, 1355 (3d Cir. 1993). The FTCA "operates as a limited waiver" of the sovereign immunity of the United States and should be "strictly construed." *White-Squire* [*v. USPS*, 592 F.3d 453, 456 (3d Cir. 2010)] (citations omitted). Federal courts cannot assume jurisdiction over FTCA claims until the plaintiff has first presented his claim to the appropriate federal agency and the claim has been denied. 28 U.S.C. § 2675(a); *White-Squire*, 592 F.3d at 457. This exhaustion requirement "is jurisdictional and cannot be waived." *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003) (citation omitted).

*Priovolos v. FBI*, 686 F. App'x 150, 152 (3d Cir. 2017) (affirming the district court's dismissal of FTCA claims against the FBI with prejudice where plaintiff did not exhaust administrative remedies prior to filing of complaint).

Here, Plaintiff does not allege that he submitted any administrative claim prior to filing suit, as required under the FTCA. Moreover, an FBI official searched "the general indices to the FBI's Central Records System as of July 2, 2019" and was unable to "locate any administrative claim submitted by or on behalf of" Plaintiff to the FBI. (Gov't's Moving Br. 11 (citing Harris Decl. ¶ 5, ECF No. 15-2).) The Court, accordingly, dismisses Plaintiff's claims against the United States because it lacks jurisdiction.

### B. Google is Immune from Suit Under Section 230 of the CDA

Google argues it is immune from suit under Section 230 of the Communications Decency Act ("CDA"). (Google's Moving Br. 10–15, ECF No. 11-1.)[4]

Pursuant to Section 230, "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Moreover, "[n]o cause of action may be brought and no liability

---

[4] Because the Court dismisses Plaintiff's Complaint under Rule 12(b)(6), it does not reach Google's alternative arguments.

may be imposed under any State or local law that is inconsistent with this section." *Id.* at § 230(e)(3). To that end, Section 230 proscribes liability sounding in tort or contract "for decisions relating to the monitoring, screening, and deletion of content from its network—actions quintessentially related to a publisher's role." *Green v. Am. Online (AOL)*, 318 F.3d 465, 471 (3d Cir. 2003).

"The elements required for Section 230(c) immunity are: (1) that the defendant is a provider or user of an 'interactive computer service[';] (2) that the asserted claims treat the defendant as the publisher or speaker of the information; and (3) that the information is provided by another 'information content provider.'" *Parker v. Google, Inc.*, 242 F. App'x 833, 838 (3d Cir. 2007) (affirming dismissal of negligence claims against Google where the plaintiff did not allege Google was the information content provider of the statements at issue); *see also Obado v. Magedson*, 612 F. App'x 90, 93 (3d Cir. 2015) (affirming dismissal of negligence and contract claims against Google).

Here, the Court finds that Google is an "interactive computer service" as defined by the CDA. *Obado*, 612 F. App'x at 93. The Court further finds that Google is treated in the complaint as the publisher of the allegedly actionable content and that the allegedly actionable content originated from other information content providers, namely Moyosore Ajibody and Seana Brown. Although Plaintiff alleges that Google acted negligently and violated its terms of service, by failing to "detect and protect against evolving online threats" and by failing to "prevent that [fraudulent internship] listing in the[] Google Search Job-Searcher Tool" (Compl. at *10), Section 230 "specifically proscribes liability" where a plaintiff "attempts to hold [Google] liable for decisions relating to the monitoring, screening, and deletion of content from its network." *Green*, 318 F.3d at 471. The Court, accordingly, finds Plaintiff's claims against Google barred by the CDA.

6

## IV. CONCLUSION

For the reasons set forth above, the Complaint is dismissed without prejudice as to the United States and Google. An Order consistent with this Memorandum Opinion will be entered.

/S/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**