UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED

MAR 30 2020

AT 8:30_____M
WILLIAM T. WALSH
CLERK

(Title of Action)

ALEXANDER Z. MURGULY

               Plaintiff,   :      Civil Action No.  *19-CV-14471*

             v.       :      NOTICE OF MOTION

GOOGLE LLC, KELLY LOCKE OF US BANK,
CHASE BANK, TCF NATIONAL BANK, Defendant.  :
UNITED STATES OF AMERICA

                :

PLEASE TAKE NOTICE _____ALEXANDER Z. MURGULY_____

(Name of Moving Party)

will move before the Honorable _____TONIANNE J. BONGIOVANNI_____, U.S.D.J. on

_____MARCH 30 2020_____

(Motion days are the 1ˢᵗ and 3ʳᵈ Monday of each month)

for an Order _____MOTION TO DISCOVER_____.

(describe type of relief being sought)

In support of my motion, I will rely on the attached brief (if necessary).

_____ALEXANDER Z. MURGULY_____
Name

_____304 JAMESTOWN CT._____

_____FLEMINGTON NJ 08822_____
Address

Date: _____MARCH 26 2020_____

March 26, 2020

## MOTION TO DISCOVER

With respect to JPMorgan Chase Bank, N.A., the Plaintiff, Alexander Murguly, would like to Motion to Discover for five sets of documentation.

(1) Documentation regarding communications with TCF National Bank about check with internal sequence number 99002115 (return reason: refer to maker; $2,800.00) that, given the fraud scheme facts, those communications should have indicated that the check would bounce, causing the midnight deadline rule to not apply and for the funds to not be made available when the exception to doubt collectibility would have been triggered. In the Federal Reserve's Compliance Handbook under Regulation CC's Availability of Funds and Collection of Checks, Reasonable Cause to Doubt Collectibility (§ 229.13(e)) explains what can trigger the exception to doubt collectibility.

"The basis for reasonable cause may include, for example, communication with the paying bank indicating that":

A. "There are insufficient funds in the drawer's account to cover the check"
B. "The check will be returned unpaid"
C. "The depositary bank believes that the depositor may be engaged in check kiting"
D. "The depositary bank has other confidential information, such as the insolvency or pending"
E. Also, "The exceptions are considered "safeguards" because they offer institutions a means of reducing risk based on the size of the deposit, the depositor's past performance, the absence of a record on the depositor's past performance, or a belief that the deposit may not be collectible"

At least one of the aforementioned should be true and should have been included in the communications between Chase and TCF regarding the check.

(2) Documentation regarding the address of Moyosore Ajibodu, an account holder at Chase (#623697153) and fraud scheme participant, so that he can be named in an amended complaint, allowing sought damages to be allocated to him.

With respect to TCF National Bank, the Plaintiff, Alexander Murguly, would like to Motion to Discover for documentation regarding communications with JPMorgan Chase Bank, N.A. surrounding the check with internal sequence number 99002115. Those requested communications are similar to those requested in (1) of the Motion to Discover with respect to Chase. Those communications should reference at least one point in A through D in (1)'s accompanying text, under "The basis for reasonable cause may include, for example, communication with the paying bank indicating that".

With respect to Google LLC, the Plaintiff, Alexander Murguly, would like to Motion to Discover for two sets of documentation regarding advertised claims on Google.com: (1) documentation proving that Google's Google Job Search tool has Google's "strongest security technologies" built-in and (2) documentation proving that Google constantly strengthens those technologies to detect and protect against evolving online threats. An online threat, the fraud scheme mentioned in the Complaint, was available via a listing that was available for an

unknown duration of time—long enough for it to remain and be e-mailed via Google Alert. That duration, due to the simple listing being text-based and hyperlinked-based with respect to Google's Job Search tool, could cause one to potentially doubt the security advertisements on Google.com when the listing was not removed or detected within an unknown duration of time by those "strongest security technologies".

Google's immunity was proven under Section 230, allowing Google to continue to offer a job searcher tool without much accountability with respect to advertised claims about security technologies involving the detection of threats and protection against threats. Google's immunity under Section 230 allows users to only be protected by themselves, advertised security technologies on Google.com, and by Google's past motto of "Don't be evil" and their current motto of "Do the right thing". Requested documentation could prove those mottos exist throughout Google's operations under Section 230 immunity. In this instance, operations related to Google's Job Search tool. As Google LLC wrote, "We share our security learnings, experiences, and tools with partners, organizations, and competitors around the world, because Internet-wide security demands industry-wide collaboration"—hopefully documentation of that nature would not be too troublesome or costly.