Michelle E. Tarson, Esq.
Stagg Wabnik Law Group LLP
Attorneys for Defendant
*JPMorgan Chase Bank, N.A.,*
*incorrectly named herein as Chase Bank*
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516)812-4500

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------X
ALEXANDER Z. MURGULY,

|  |  |
|---|---|
| Plaintiff, | UNITED STATES DISTRICT COURT |
| | DISTRICT OF NEW JERSEY |
| -against- | CIVIL ACTION NO. 19-CV-14471 |
| | CIVIL ACTION |

GOOGLE LLC, KELLY LOCKE OF US BANK,
CHASE BANK, TCF NATIONAL BANK,
UNITED STATES OF AMERICA,

Defendants.
-----------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR DISCOVERY

Stagg Wabnik Law Group LLP
*Attorneys for Defendant*
*JPMorgan Chase Bank, N.A.,*
*incorrectly named herein as Chase Bank*
401 Franklin Avenue, Suite 300
Garden City, New York 11530
Tel: (516) 812-4500
Fax: (516) 812-4600

Submitted by:
Michelle E. Tarson

JPMorgan Chase Bank, N.A., incorrectly named herein as Chase Bank ("Chase"), by and through its attorneys, Stagg Wabnik Law Group LLP, respectfully submits this memorandum of law in opposition to plaintiff's motion for discovery.

### PRELIMINARY AND FACTUAL STATEMENT

Plaintiff filed a motion for discovery seeking five sets of documents from Chase with respect to two topics – (a) communications between Chase and co-defendant TCF National Bank and (b) the address for a Chase account holder who plaintiff alleges is a fraud scheme participant. (Dkt. 31 at p. 2.)  He also seeks the production of documents from co-defendants TCF National Bank and Google LLC ("Google").  Plaintiff's motion is premature as the parties have not held a Rule 26 scheduling conference.  Further, he fails to offer good cause or show his request is reasonable or why the timelines and procedures set out in the Federal Rules of Civil Procedure should not apply in this matter.

Plaintiff commenced this action on or about May 20, 2019 in the Superior Court of New Jersey, Law Division, Special Civil Part Hunterdon County under Docket No. HNT-DC-00-742-19.  (Dkt. 1.)  Plaintiff alleges in the complaint that he conducted a Google to search for an accounting internship and discovered a listing for Berry Global, Inc.  (Dkt. 1 at 8.)  After communicating with a company representative, plaintiff received a TCF National Bank check in the amount of $2,800 (the "TCF Check") to pay for supplies needed for the internship.  (Dkt. 1 at 8.)  Plaintiff alleges that on Wednesday April 10, 2019, he electronically deposited the check into his account at Chase (the "Account").  (Dkt. 1 at 8-9.)  Five days later, on April 15, 2019, plaintiff withdrew $2,620 from his Account, purchased a money order and deposited those funds into an account belonging to co-defendant Moyosore Ajibou, a vendor associated with Berry Global, Inc. (*Id*. at 9.)  Two days after that, on April 17, 2019, the TCF Check bounced because it was returned unpaid and plaintiff incurred a "deposit item returned fee" along with reversal of

the $2,800 check proceeds from his Account.  (*Id*. at 9.)   Based on those events, plaintiff determined that his internship with and payment to Berry Global, Inc. was fraudulent.  (*Id*.)

Plaintiff alleges that "Defendants are implicated in some way as apart [sic] of or enabling or failing to stop a fraud scheme involving a fraudulent 2019 summer internship at Berry Global, Inc." (Dkt. 1 at 8.)  Plaintiff's complaint generally sounds in negligence and seeks damages of $14,999.  (Dkt. 1 at 6.)   As against Chase, he asserts that the bank owes him "damages for negligence involving a check when Chase failed to trigger the exception, from the Federal Reserve Bank's consumer compliance handbook of reasonable cause to doubt collectability (§ 229.13(E)) when Chase should have had a 'reasonable cause to believe that the check is not collectible' and need to 'disclose the basis for the extended hold to the customer.'" Plaintiff asserts "[r]egarding non-collectability, there was no disclosure and no extended hold when there should have been.  Chase appeared to have made funds of $2,800 available within 24 hours of check deposit.  Chase's systems failed to doubt collectability of a check linked to a fraud scheme."  (Dkt. 1 at 10.) He alleges damages of $956.50 against Chase.  (Dkt. 1 at 8.)

Chase served its answer on June 27, 2019.  (Dkt. 4).  The United States of America ("United States") substituted into the matter for the FBI and removed the case on June 28, 2019. (Dkt. 1.)  The United States and Google moved to dismiss.  (Dkts. 11-11.7, 15-15.4.)

Chase requested a settlement conference in an attempt to resolve the matter and it was held on September 3, 2019 before the Hon. Zahid N. Quraishi.  (Dkt. 17.)  The matter did not settle and, due to the pending motions to dismiss filed by the United States and Google, a Rule 26 conference was not scheduled. On February 25, 2020, the Hon.  Michael A. Shipp dismissed plaintiff's claims against the United States and Google without prejudice.  (Dkts. 27, 28.) Plaintiff had until March 30, 2020 to file a motion to amend his complaint or the actions against

2

the United States and Google would be dismissed with prejudice.  (Dkt. 28.)  Plaintiff did not file a motion.

Chase filed its motion for a judgment on the pleadings under FRCP 12(c) on March 6, 2020.  (Dkt. 30.)  Plaintiff did not oppose the motion.  Instead he filed the present motion for discovery which is dated March 26, 2020 and was filed on March 30, 2020.  Chase's motion is returnable May 4, 2020.

For the reasons set forth below, plaintiff's motion should be denied in its entirety.

## ARGUMENT

### PLAINTIFF'S MOTION IS PREMATURE AS A RULE 26 CONFERENCE WAS NOT HELD

Pursuant to FRCP 26(a)(1)(C), initial disclosures are made at or within 14 days after the Rule 26(f) conference.  Discovery itself may not occur prior to the parties conferring as required by Rule 26(f).  While both sections provide that the Court can issue an order directing the parties to exchange initial disclosures or proceed with discovery prior to the parties' conferring and entering into a discovery plan, plaintiff does not offer any basis for the Court to enter such an order in this matter.

Here, the Court deliberately did not schedule or hold a Rule 26(f) conference.  A settlement conference was scheduled at Chase's request and occurred on September 3, 2019.  (Dkt. 17.)  At the conclusion of the settlement conference, the Court decided against scheduling the Rule 26(f) conference since motions to dismiss by Google and the United States were pending.  Those motions were decided on February 25, 2020 and now Chase filed a motion for a judgment on the pleadings that is presently unopposed and returnable on May 4th.

Plaintiff's request is tantamount to a request for an expedited discovery schedule as he

3

seeks to bypass the requirements of the Rule 26 conference.  "[T]he court, upon motion, for the convenience of the parties and witnesses and in the interest of justice may grant leave to conduct discovery prior to a conference amongst the parties."  *Better Packages, Inc. v. Zheng*, 2006 U.S. Dist. LEXIS 30119, * 6 (D.N.J. May 17, 2006) (denying expedited discovery as the request was not reasonable at that time).  *See also Techtronic Indus. N. Am. V. Iventek Colloidal Cleaners LLC*, 2013 U.S. Dist. LEXIS 113956 *5-6 (D.N.J. Aug. 13, 2013) (in addition to reasonableness standard, the court placed the burden upon the moving party to show the expedited discovery is appropriate and denied plaintiff's motion for expedited discovery).  Plaintiff does not set forth a reason for his request, that it is made in the interest of justice or that an emergent need exists for the parties to engage in discovery prior to a Rule 26(f) conference.

Plaintiff failed to offer any explanation for his motion, a reasonableness for the request or establish good cause for seeking expedited discovery.  *See Strike 3 Holdings, LLC v. Doe*, 2019 U.S. Dist. LEXIS 184513 *2-3 (D.N.J. Oct. 24, 2019); *Telebrands Corp. v. Everstar Merch. Co.*, 2017 U.S. Dist. LEXIS 226248, *3-4 (D.N.J. Aug. 31, 2017) (denying motion for expedited discovery as moving party failed to show good cause and "have not articulated why they require that discovery on an expedited basis").  Further, plaintiff should not be permitted to "bootstrap discovery based on a complaint that does not pass muster."  *See Strike 3 Holdings, LLC,* 2019 U.S. Dist. LEXIS 184513 at *2.  Chase moved for a judgment on the pleadings because the complaint fails to set forth a viable cause of action against it.  Plaintiff should not be permitted to obtain discovery until the Court rules on that motion.

As plaintiff does not offer good cause or a reason for the parties to engage in expedited discovery, his motion should be denied and discovery should occur in the ordinary course pursuant to FRCP 26.

4

## CONCLUSION

For the foregoing reasons, Chase respectfully requests that the Court issue an order denying plaintiff's motion for discovery and granting Chase such other and further relief as the Court deems proper.

Dated:   Garden City, New York
         April 16, 2020

Stagg Wabnik Law Group LLP


By:   /s/Michelle E. Tarson
         Michelle E. Tarson
*Attorneys for Defendant*
*JPMorgan Chase Bank, N.A., incorrectly named*
*herein as Chase Bank*
401 Franklin Avenue, Suite 300
Garden City, New York 11530
Tel: (516) 812-4500
Fax: (516) 812-4600

5