## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ALEXANDER Z. MURGULY,

              Plaintiff,

       v.

KELLY LOCKE, et al.,

              Defendants.

Civil Action No. 19-14471 (MAS) (ZNQ)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiff Alexander Z. Murguly's ("Plaintiff") Motion for Discovery (the "Motion"). (Mot., ECF No. 31.) Defendant JPMorgan Chase Bank, N.A. ("Chase") opposed (Chase Opp'n, ECF No. 33), as did Defendant Google LLC ("Google") (Google Opp'n, ECF No. 34.) Defendants Kelly Locke and TCF National Bank did not oppose. The Court has carefully considered the parties' arguments and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure[1] 78 and Local Civil Rule 78.1. For the reasons set forth herein, Plaintiff's Motion is denied.

Plaintiff seeks discovery from Defendants Chase, TCF National Bank, and Google LLC. (Pl.'s Moving Br. 1-2, ECF No. 31.) From Chase, Plaintiff seeks certain "documentation regarding communications with TCF National Bank" and "[d]ocumentation regarding the address of Moyosore Ajibodu, an account holder at Chase[.]" (*Id.*) Plaintiff seeks discovery regarding "communications with JPMorgan Chase Bank, N.A." (*Id.*) Plaintiff seeks discovery "regarding advertised claims on Google.com." (*Id.*)

---

[1] All references to Rules hereinafter refer to the Federal Rules of Civil Procedure, unless otherwise identified.

In opposition, Chase contends that "Plaintiff's motion is premature as the parties have not held a Rule 26 scheduling conference." (Chase Opp'n Br. 1, ECF No. 33.) Chase also argues that Plaintiff has failed to state good cause why Plaintiff should be permitted to deviate from Rule 26's instruction that discovery shall not be conducted prior to the parties' Rule 26(f) conference. (*Id.* at 3.) Chase states "Plaintiff's request is tantamount to a request for an expedited discovery schedule as he seeks to bypass the requirements of the Rule 26(f) conference." (*Id.* at 3-4.)

Google opposes Plaintiff's Motion because "Google is no longer an active defendant in this case." (Google Opp'n Br. 1, ECF No. 34.) Google states that Plaintiff "seeks discovery from Google even though (a) there is no active complaint against it, (b) he never served a document request or subpoena of any kind, and (c) the demanded discovery is, among other things, wholly irrelevant to Google's immunity from suit under Section 230 [of the Communications Decency Act, 47 U.S.C. § 230]." (*Id.*)

Rule 26 broadly encompasses completion of discovery. Rule 26 provides, generally, that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]" Fed. R. Civ. P. 26(d)(1). The Court is within its discretion to permit discovery prior to that conference. (*Id.*) "In ruling on a motion for expedited discovery, the Court should consider 'the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Good Man Productions, Inc. v. Doe*, No. 14-7906, 2015 WL 892941, at *1 (D.N.J. Mar. 2, 2015) (quoting *Better Packages, Inc. v. Zheng*, No. 05-4477, 2006 WL 1373055, at *2 (D.N.J. May 17, 2006) (further citation omitted)). "Courts have generally employed one of two standards for determining the appropriateness of expedited discovery." *Better Packages*, 2006 WL 1373055, at *2. "The [first] standard is very similar to a preliminary injunction analysis and looks more closely at the merits of the request." *Id.* This standard is analyzed under

the framework outlined in *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982). "The second is the reasonableness standard, which requires the party seeking discovery to prove that the requests are reasonable under the circumstances." *Id.* This Court has previously applied both standards. *Compare Gucci America, Inc. v. Daffy's Inc.*, No. 00-4463, 2000 WL 1720738, at *6 (D.N.J. Nov. 14, 2000) (applying the *Notaro* standard), *with Techtronic Industries North America, Inc. v. Inventek Colloidal Cleaners, LLC*, No. 13-4255, 2013 WL 4080648, at *2 (D.N.J. Aug. 13, 2013), *and Better Packages*, 2006 WL 1373055, at *2 (applying the reasonableness standard).

Here, the Court contemplates that the reasonableness standard, which is "considerably more liberal than the *Notaro* standard," *Better Packages*, 2006 WL 1373055, at *3, "gives it the flexibility it needs to exercise its wide discretion to manage discovery," *Techtronic*, 2013 WL 4080648, at *2, and that "[a] large part of the reasoning behind the court's heightened standard for expedited discovery in *Notaro* and the reason for the court's application of *Notaro* to *Gucci* was that the nonmoving party in both cases needed protection from the plaintiff's extraordinary discovery requests at such an early stage of litigation." *Better Packages*, 2006 WL 1373055, at *4. "Application of [the reasonableness] standard depends on the actual circumstances of each case, as well as consideration of certain factors such as a pending preliminary injunction hearing, the need for the discovery[,] and the breadth of the requests." *Better Packages*, 2006 WL 1373055, at *3 (citing *Ent'mt Technology Corp. v. Walt Disney Imagineering*, No. 03-3546, 2003 WL 22519440, at *3 (D.N.J. Oct. 2, 2003)).

In light of the particular circumstances of this case, the Court finds that the requests for discovery relating to Chase, TCF National Bank, and Google LLC are not reasonable under the circumstances. Plaintiff has demonstrated no reason why the Court should deviate from the Federal Rules to allow expedited discovery. After the parties have conducted their Rule 26(f) Conference,

Plaintiff may seek discovery permitted by the Federal Rules. Accordingly, and for good cause shown,

      **IT IS** on this 11th day of May, 2020

      **ORDERED** that Plaintiff's Motion for Discovery (ECF No. 31) is **DENIED**.


                              s/ Zahid N. Quraishi

                              **ZAHID N. QURAISHI**
                              **United States Magistrate Judge**