**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALEXANDER Z. MURGULY,<br><br>                Plaintiff,<br><br>     v.<br><br>GOOGLE LLC, et al.,<br><br>                Defendants. | Civil Action No. 19-14471 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

       This matter comes before the Court upon review of its docket. On May 20, 2019, pro se Plaintiff Alexander Murguly ("Plaintiff") filed a complaint in the Superior Court of New Jersey, Law Division, Special Civil Part, Hunterdon County. (Compl. 1, Ex. 1 to Notice of Removal, ECF No. 1 at *6.)[1] Plaintiff's Complaint generally alleges negligence claims against Defendants Google LLC, the Federal Bureau of Investigation ("FBI"), Kelly Locke, Chase Bank, and TCF National Bank, and Plaintiff asserts the amount in controversy is $14,999.99. (*See generally* Compl., Ex. 1 to Notice of Removal, ECF No. 1 at *6–8.) The FBI timely removed the action to federal court under the Federal Tort Claims Act ("FTCA") and substituted the United States as the proper party. (Notice of Removal ¶¶ 5–6, ECF No. 1.) On February 25, 2020, this Court dismissed all claims against the United States for lack of subject matter jurisdiction because Plaintiff failed to exhaust the jurisdictional prerequisites of the FTCA. (Mem. Op. 4–5, ECF No. 27; Order 1, ECF No. 28.)

       Plaintiff's claims against the United States were the Court's only basis of original jurisdiction. *See* 28 U.S.C. § 1346(b)(1) ("[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States[] for money damages . . . caused by the

---

[1] Page numbers preceded with an asterisk reference the page numbers at the top of the ECF filing.

negligent or wrongful act or omission of any employee of the Government . . . ."). Plaintiff asserts no federal claims that grant the Court subject matter jurisdiction under 28 U.S.C. § 1331, and the amount in controversy requirement under 28 U.S.C. § 1332 is not met. (*See generally* Compl.) Because the Court "dismissed all claims over which it ha[d] original jurisdiction," the Court declines to exercise supplemental jurisdiction over Plaintiff's negligence claims against the remaining parties. 28 U.S.C. § 1367(c)(3); *see Robel v. D'Emilia*, No. 12-716, 2012 WL 3066579, at *2–3 (D.N.J. July 27, 2012) (declining supplemental jurisdiction over remaining state-law claims after dismissing claims for failure to satisfy the FTCA's jurisdictional prerequisite).

Accordingly, **IT IS** on this 18th day of September 2020, **ORDERED** that the Clerk shall remand this matter to the Superior Court of New Jersey, Law Division, Special Civil Part, Hunterdon County and close the case.

MICHAEL A. SHIPP
**UNITED STATES DISTRICT JUDGE**